UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

________________________________________X

WILLIAM CORBITT, individually and on behalf of others similarly situated,

Plaintiff,

**NOTICE OF REMOVAL**

-against-

MAPLE POINTE SENIOR CARE, LLC,

Defendant.

Removed from Supreme Court of the State of New York, County of Nassau

State Court Index No. 618470/2026

________________________________________X

Defendant, MAPLE POINTE SENIOR CARE, LLC ("Maple Pointe" or "Defendant"), by and through its undersigned counsel, hereby removes to this Court the action captioned William Corbitt, individually, and on behalf of other similarly situated v. Maple Point Senior Care, LLC, pending in the Supreme Court of the State of New York, County of Nassau, Index No. 618470/2026 (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1131, 1367, 1441(a), and 1446. In support, Defendant states as follows:

THE STATE COURT ACTION

1. Plaintiff commenced the State Court Action by filing a summons and Collective and Class Action Complaint in the Supreme Court of the State of New York, County of Nassau, on or about August 20, 2026. The State Court Action bears Index No. 618470/2026.

2. A true and correct copy of all process, pleadings and orders served upon Defendant in the State Court Action, as required by 28 U.S.C. § 1446(a), is attached as Exhibit A. Exhibit A includes the summons and Complaint filed as NYSCEF Document No. 1. Upon information and belief, no orders have been entered in the State Court Action as of the filing of this Notice of Removal.

3. Defendant was served with the summons and Complaint on September 8, 2026. This Notice of Removal is filed within thirty days after Defendant's receipt, through service or otherwise, of the initial pleading setting forth the claims for relief, and is timely under 28 U.S.C. § 1446(b)(1).

FEDERAL QUESTION JURISDICTION

4. This Court has original jurisdiction under 28 U.S.C. §§ 1331 because the Complaint expressly asserts claims arising under federal law.

5. Specifically, Plaintiff's First Cause of Action alleges violates of the Fair Labor Standards Act's ("FLSA") overtime provisions, 29 U.S.C. § 207, and Plaintiff's Second Cause of Action alleges violations of the FLSA's minimum wage provisions, 29 U.S.C. § 206. Plaintiff alleges that these FLSA claims are brought individually and as a collective and class action pursuant to 29 U.S.C. § 216(b).

6. The FLSA claims arise under the laws of the United States and could have been filed originally in this Court. Accordingly, the State Court Action is removable under 28 U.S.C. § 1441(a).

SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

7. The Complaint also asserts claims under the New York Labor Law and related New York regulations, including claims for alleged overtime wages, non-overtime wages, untimely wage payments, wage notices, and wage statements.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a) because those claims form part of the same case or controversy as the FLSA claims. The federal and state claims arise from the same alleged employment relationship, compensatory practices, timekeeping, payroll records, wage notices, wage statements, and alleged underpayment of wages.

9. Defendant reserves all rights to seek dismissal, severance, remand, or other appropriate relief as to any claim over which this Court determines it lacks subject-matter jurisdiction or declines to exercise supplemental jurisdiction.

VENUE

10. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of Nassau, in which the State Court Action was pending, lies within this judicial district.

11. Venue is also proper under 28 U.S.C. § 1391(b) because Plaintiff alleges that he worked for Defendant at a location in Rockville Centre, Nassau County, New York, and that a substantial part of the events or omissions giving rise to the claims occurred in Nassau County.

CONSENT OF DEFENDANTS

12. Maple Pointe is the only named and served defendant identified in the caption of the summons and Complaint. The Complaint refers to unidentified persons or entities whose names and capacities are allegedly unknown. No consent from any unidentified,

unserved defendant is required for removal. Maple Pointe, therefore, timely files this Notice of Removal on its own behalf.

NOTICE TO ADVERSE PARTIES AND STATE COURT

13. Promptly after filing this Notice of Removal, Defendant will provide written notice of the removal to Plaintiff's counsel and will file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Nassau, as required by 28 U.S.C. § 1446(d).

14. the adverse party and the state court, the State Court Action shall be removed to this Court, and the state court shall proceed no further unless and until the action is remanded.

WHEREFORE, Defendant MAPLE POINTE SENIOR CARE, LLC respectfully gives notice that the above-captioned action is removed form the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.

Dated: September 19, 2026

North Hills, New York

KRAFT EMPLOYMENT LAW GROUP PLLC

By: Ruth Bogatyrow Kraft

Ruth Bogatyrow Kraft, Esq. (RK5227)
425 Links Drive
North Hills, New York 11576
Tel.: (516) 353-3306

Via ECF to:

LAWYERS FOR JUSTICE, P.C.

Joanna Ghosh, Esq.

217 Broadway, Suite 511

New York, New York 10007

joanna@calljustice.com

Counsel for Plaintiff, the Putative Class and the FLSA Collective